**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 31 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No.: 13-30560 |
| ) | |
| Timothy Randolph and ) | Chapter 13 |
| Andrea Guice, ) | |
| ) | Adv. Pro. No. 13-3078 |
| Debtors. ) | |
| ) | Hon. Mary Ann Whipple |
| Timothy Randolph, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| HSBC Bank USA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This adversary proceeding is before the court on *pro se* Plaintiff Andrea Guice's[1] request [Doc. # 24] for the admission of certain documentary evidence ("Motion") in support of Plaintiff's opposition to Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Specifically, Ms. Guice requests that evidence of allegedly forged mortgage documents be considered by the court in

---

[1] Plaintiffs are now representing themselves in this adversary proceeding, the lawyer who filed the complaint on their behalf having been permitted to withdraw from further responsibilities to Plaintiffs with respect to the adversary proceeding only. [Doc. # 22].

ruling on Defendant's motion to dismiss.

The court held a hearing on Ms. Guice's request, at which both Ms. Guice and Plaintiff Timothy Randolph appeared in person and Attorney for Defendant appeared by telephone.

At the hearing, Ms. Guice and Mr. Randolph both emotionally and passionately explained to the court the long and draining history of their efforts to keep their modest home after financial adversity stuck them, asking this court to allow them to proceed with their legal battle now in this court. But for the reasons more fully explained in the court's separate Memorandum of Decision and Order Granting [Defendant's] Motion to Dismiss, the proffered evidence would not affect the outcome of this adversary proceeding even if it could properly be considered by the court.

The materials referenced by Ms. Guice in her request have no relevancy to Defendant's jurisdictional argument under Rule 12(b)(1). And while a court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice, *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds *Merck & Co. v. Reynolds*, 130 S.Ct. 1784 (2010)), the mortgage documents submitted by Ms. Guice do not constitute proper materials of which the court may take judicial notice.

Moreover, because of the court's separate determination of Defendant's Rule 12(b)(6) motion on res judicata grounds, the court does not find it necessary or appropriate to treat Defendant's motion as a motion for summary judgment in which the proffered materials might be considered by the court. *See* Fed. R. Civ. P. 12(d).[2] *Cf. Amaker v. Weiner,* 179 F.3d 48, 51(2d Cir. 1999)(reversal for lack of conversion not required unless there is reason to believe extrinsic evidence affected trial court's decision). As noted in 2-12 *Moore's Federal Practice-Civil* § 12.34 [3][a], "[c]ourts tend to use the conversion option only in situations in which the materials extrinsic to the pleadings are incontrovertible and pose discrete and dispositive issues." The materials proffered by Ms. Guice do not fall into this category. The motion to dismiss can and will be determined based on the amended complaint and the limited materials permissibly considered by judicial notice in deciding a Rule 12(b)(6) motion without resulting in conversion as addressed in the court's separate decision.

In summary, the extrinsic materials requested to be considered by Ms. Guice are being excluded

---

[2] Rule 12(d) by its terms does not apply to a motion to dismiss brought under Rule 12(b)(1). *Festa v. Local 3, Int'l Brotherhood of Elec. Workers*, 905 F.2d 35, 38 (2d Cir. 1990).

2

from consideration by the court in connection with Defendant's pending motion to dismiss.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff Andrea Guice's Motion [Doc. # 24] be, and hereby is, **DENIED.**

###

3

13-03078-maw    Doc 29    FILED 03/31/14    ENTERED 03/31/14 16:27:22    Page 3 of 3