**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 31 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No.: 13-30560 |
| ) | |
| Timothy Randolph and ) | Chapter 13 |
| Andrea Guice, ) | |
| ) | Adv. Pro. No. 13-3078 |
| Debtors. ) | |
| ) | Hon. Mary Ann Whipple |
| Timothy Randolph, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| HSBC Bank USA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO DISMISS**

This adversary proceeding is before the court on a motion to dismiss filed by Defendant HSBC Bank USA, National Association, as Trustee for Home Equity Loan Trust Series ACE 2005-HE5 ("HSBC") [Doc. # 5], Plaintiffs' responses [Doc. ## 8 &16], and HSBC's reply [Doc. # 17]. Plaintiffs are debtors in the underlying Chapter 13 case. In their complaint, Plaintiffs allege that HSBC engaged in acts of fraud with respect to documents relating to a first mortgage on Plaintiffs' home. Plaintiffs seek an order that HSBC is not a proper party in interest to prosecute a foreclosure action and is not entitled to collect mortgage payments from Plaintiffs. In addition, Plaintiffs seek both compensatory and punitive damages. HSBC's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), which applies in

this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012. In its motion, HSBC argues that the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, that Plaintiffs' claims are barred by res judicata, that they lack standing to challenge assignment of the mortgage at issue and that the complaint fails to state a claim for fraud. Having considered HSBC's motion and the parties' briefs in support of their respective positions, for the reasons that follow, the court will grant the motion to dismiss.

## BACKGROUND

Plaintiffs state in their complaint that they "bring this adversary proceeding . . . to disallow any claims of the Defendant, or their (sic) agents or assigns, pursuant to 11 U.S.C. section 502 to collect any mortgage payments on the first lien on the domicile of the Plaintiffs." [Doc. # 1, Complaint, p. 1]. Plaintiffs further state that they seek "to show that, in the alternative, the Defendant committed willful fraud when they (sic) knowingly and intentionally made false and untrue statements that indicate that they are not the proper party in interest to stand before this court and ask for and seek payments from the Plaintiffs regarding a first lien on their domicile." [*Id.* at 2].

The following factual allegations are set forth in the complaint. HSBC "did not indicate or profess to own or have the rights to receive mortgage payments" from Plaintiffs in their earlier Chapter 7 bankruptcy case, Case No. 07-30486, and that instead, Fremont Investment & Loan asserted its superior rights to receive such payment. [*Id.* at pp. 4-5, ¶¶ 2-3]. HSBC engaged in acts of fraud when it "purposely allowed needed and necessary mortgage papers to be wrongfully signed by other parties, under their control, management or supervision and which parties had no right to sign such mortgage papers and which papers did purportedly obligate the Plaintiffs to pay mortgage payments to HSBC and or their assigns, including Wells Fargo Bank, servicing agent. . . ." [*Id.* at pp. 5-6, ¶ 2]. Plaintiffs allege that HSBC's fraudulent acts "commenced in the year of 2007 and forward." [*Id.* at p. 6, ¶ 5]. Plaintiffs allege in a conclusory fashion that HSBC's fraud precludes it from raising the defense of res judicata or collateral estoppel since acts of fraud are not covered by such affirmative defenses. [*Id.* at ¶ 4].

The relief sought by Plaintiffs include a determination that "HSBC is not a proper party in interest to prosecute any act of foreclosure against Plaintiffs" and is prohibited from "attempting any legal act" to collect mortgage payments from Plaintiffs or their bankruptcy estate." [*Id.* at pp. 7-8]. In addition, Plaintiffs ask for compensatory and punitive damages for fraud. [*Id.* at 7].

In support of their jurisdictional argument and their argument that res judicata applies, HSBC offers a final judgment and decree in foreclosure ("Judgment") entered on September 24, 2012, by the Lucas County, Ohio, Court of Common Pleas pursuant to its Opinion and Judgment Entry ("Opinion") entered on

2

May 1, 2012, granting HSBC's motion for summary judgment and denying Plaintiffs' motion for partial summary judgment. [Doc. # 5, Exs. 2 & 3]. The court takes judicial notice of the state court Judgment and Opinion. *See* Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (finding no error where, on a motion to dismiss, the district court took judicial notice of another court's opinion not for the truth of the matter recited therein, but for the existence of the opinion); *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (stating that a court may take judicial notice of other court proceedings without converting a motion to dismiss into one for summary judgment).

In ruling on the parties' motions for summary judgment in the state court action brought by HSBC to foreclose a mortgage against Plaintiffs' home ("Mortgage"), the state court rejected Plaintiffs' argument that HSBC lacks standing to enforce the note ("Note") and the Mortgage securing the Note. [Doc. # 5, Ex. 2, pp. 6-11]. The state court found that HSBC is the holder of the Note as Trustee for Home Equity Loan Trust Series ACE 2005-HE5 and has the right to enforce the Note. [*Id.* at pp. 3, 7-9]. The state court further found that the Mortgage was assigned to HSBC, as Trustee for Home Equity Loan Trust Series ACE 2005-HE5, and that as Trustee, HSBC has standing to enforce the Mortgage. [*Id.* at pp. 10-11]. The state court rejected equitable defenses of unclean hands and estoppel that had been advanced by Plaintiffs as well as numerous counterclaims, including fraud and conspiracy to commit fraud based upon facts other than those alleged in this proceeding. [*See id.* at pp. 12-30]. The state court Judgment was then entered on September 24, 2012, granting HSBC the right to foreclose the Mortgage. [Doc. # 5, Ex. 3].

## LAW AND ANALYSIS

As indicated above, the grounds for HSBC's motion to dismiss include that the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, that Plaintiffs' claims are barred by res judicata, that they lack standing to challenge assignment of the mortgage at issue, and that the complaint fails to state a claim for fraud. For the reasons discussed below, the court finds that the Rooker-Feldman doctrine does not apply in this case and that it has subject matter jurisdiction to finally determine the issues presented but that Plaintiff's claims are barred, in their entirety, by res judicata. The court thus need not address HSBC's remaining arguments.

**A.** *Rooker-Feldman* **Doctrine**

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that

jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In this case, HSBC's assertion that the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine is a facial attack on Plaintiffs' jurisdictional claim. *See Reguli v. Guffee*, 371 Fed. Appx. 590, 595 (6th Cir. 2010).

The principles set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), have become known as the *Rooker-Feldman* doctrine. In both cases, where the losing party in state court sought review and rejection of the state court judgment in federal district court based on claims that the judgment violated the loser's federal rights, the United States Supreme Court held that the federal district court lacked subject matter jurisdiction since authority to review a state court's judgment rests solely in the Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005). In *Exxon Mobil Corp.*, the Supreme Court clarified the scope of the doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. However, *Rooker-Feldman* does not preclude a district court from exercising subject-matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. " If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* (citation omitted).

In distinguishing between a claim that attacks a state court judgment, which is within the scope of the *Rooker-Feldman* doctrine, and an independent claim over which a district court may exercise jurisdiction, the Sixth Circuit has explained that the inquiry focuses on the source of the injury the plaintiff alleges in the federal complaint. *McCormick v. Braverman*, 451 F.3d 382, 393-94 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* at 393. As the Sixth Circuit further explained, "the doctrine is confined to those cases exemplified by *Rooker* and *Feldman* themselves: when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." *Id.* at 395.

In this case, any injury asserted by Plaintiffs is based upon their allegations of wrongful acts of HSBC. They do not allege that the state court judgment itself is unconstitutional or in violation of federal

4

law. The *Rooker-Feldman* doctrine thus does not preclude this court from exercising subject matter jurisdiction in this proceeding.

B. Rule 12(b)(6)

    1. **Rule 12(b)(6) Standard**

HSBC also brings its motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Although typically courts may not consider matters beyond the complaint in determining a Rule 12(b)(6) motion, as stated above, the court may take judicial notice of another court's opinion without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

    2. **Res Judicata**

Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999). Under Ohio law, a claim is barred by the doctrine of res judicata if the following elements are present: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 123 (2006).

In this case, the state court Judgment granting HSBC the right to foreclose against Plaintiffs' home is a final judgment on the merits. *See Italiano v. Comm'l Fin. Corp.*, 148 Ohio App. 3d 261, 268 (Ohio App. 2002) ("It is the law in Ohio that debtors must immediately appeal an order of foreclosure, rather than waiting until a subsequent order confirming a foreclosure sale."). There is no dispute that Plaintiffs and HSBC were both parties in the state court action and that this proceeding arises out of the same transaction that was the subject matter of the state court action transaction, namely, the Mortgage against Plaintiffs' home. Finally, the state court specifically found that HSBC has standing to enforce the Mortgage. Plaintiffs' claims in this proceeding of HSBC's fraud and lack of standing to enforce the Mortgage based

5

upon such fraud are claims that were or could have been litigated in the state court action.

Nevertheless, Plaintiffs argue that their assertion of fraud creates an exception to application of the doctrine of res judicata. The court disagrees. Plaintiffs allege that HSBC did not assert any rights under the Mortgage in Plaintiff's 2007 bankruptcy case and engaged in acts of fraud with respect to the execution of documents relating to the Mortgage that gave HSBC rights under the Mortgage. Plaintiffs argue that HSBC's claims "contradict [their] previous bankruptcy case" and that the state court Judgment was procured on the basis of this fraud. [Doc. # 16, p. 7]. Notwithstanding their argument that the "prior bankruptcy documents submitted by [HSBC] in 2007 and 2008 were not litigated in State court," [*id.*], it is clear that Plaintiffs were aware of the facts upon which their fraud claim asserted in this proceeding is based and could have asserted the claim in the state court action in support of their "lack of standing" defense. A defense, including a defense involving fraud, that could have been raised in a prior action but was not is barred by the doctrine of res judicata. *See Corrigan v. Downing*, 55 Ohio App. 3d 125, 127 (1988) (finding claims that included fraudulent inducement were barred by res judicata); *Grossi v. Fifth Third Bank*, No. CA93-06-126, 1994 WL 117766, *4, 1994 (Ohio App. Mar. 28, 1998) (finding that the doctrine of res judicata precluded the plaintiff/appellant from raising fraud in a subsequent action); *Sadi v. Alkhatib*, No. 01AP-125, 2001 WL 988016, *2, (Ohio App. Aug. 28, 2001) (agreeing that where party could have raised fraud claims in the prior action but failed to do so, the claims were precluded by res judicata). As the Ohio Supreme Court explains:

> The doctrine of res judicata also embraces the policy that a party must make good his cause of action or establish his defenses "* * * by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties."

*Johnson's Island, Inc. v. Bd. of Twp. Trustees of Danbury Twp.,* 69 Ohio St.2d 241, 244 (1982) (quoting *Covington & Cincinnati Bridge Co. v. Sargent,* 27 Ohio St. 233, paragraph one of the syllabus (1875)). The court thus concludes that, even accepting Plaintiffs' factual allegations as true, they have failed to state claims upon which relief can be granted since Plaintiffs' claims are barred by the doctrine of res judicata. *See Winget*, 537 F.3d at 575.

Plaintiffs also argue that, by failing to contest Fremont Investment & Loan's assertion of its superior rights under the Note and Mortgage in Plaintiff's 2007 Chapter 13 bankruptcy case and failing to contest a motion for relief from stay with respect to the Note and Mortgage that was filed on behalf of Fremont Investment & Loan in that case, HSBC is now judicially estopped from asserting any right to enforce the

6

Note and Mortgage. The United States Supreme Court has explained judicial estoppel as follows: "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" *New Hampshire v. Maine,* 532 U.S. 742, 749, (2001) (quoting *Davis v. Wakelee,* 156 U.S. 680, 689 (1895)). The Supreme Court identified several factors that guide the application of judicial estoppel, including "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* at 750 (quoting *Edwards v. Aetna Life Ins. Co.,* 690 F.2d 595, 599 (6th Cir. 1982)).

In this case, the court agrees with HSBC that, even if its failure to challenge Fremont Investment & Loan's assertions of superior rights under the Note and Mortgage in Plaintiff's 2007 bankruptcy case can somehow be construed as taking a position in that proceeding, its failure cannot give rise to judicial estoppel. The 2007 bankruptcy case was voluntarily dismissed by Plaintiffs before the court even conducted a hearing on the stay relief motion and before a plan was confirmed and a claim allowed. [*See* Case No. 07-30486, Doc. # 52].[1] Thus, this court never adopted any party's position regarding the Note and Mortgage in the 2007 bankruptcy case. Judicial estoppel simply does not apply.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 5] be, and hereby is, **GRANTED.** The court will enter a separate order of dismissal in accordance with this Memorandum of Decision and Order.

---

[1] The court takes judicial notice of of the contents of its docket in Plaintiff's 2007 bankruptcy case number 07-30486. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it). Plaintiffs refer to proceedings in their 2007 bankruptcy case in both their adversary complaint and briefs in opposition to Defendant's motion to dismiss. A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds *Merck & Co. v. Reynolds*, 130 S.Ct. 1784 (2010), and finding the plaintiff's earlier complaint filed against another entity may properly be considered).